989 F.2d 494
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Johnnie STANLEY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 92-1453.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 29, 1992
Decided: March 22, 1993
 
 On Petition for Review of an Order of the Benefits Review Board. (87-3044-BLA)
 Johnnie Stanley, Petitioner Pro Se.
 Patricia May Nece, Gary K. Stearman, United States Department of Labor, Washington, D.C., for Respondent.
 Before PHILLIPS, WILKINSON, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Johnnie Stanley appeals from an order of the Benefits Review Board (BRB or the Board) affirming an administrative law judge's (ALJ) denial of benefits under the Black Lung Act, 30 U.S.C.A. §§ 901-945 (West 1986 & Supp. 1992). We affirm the Board's order, but for slightly different reasons. 28 U.S.C. § 2106 (1988). In short, the ALJ's decision is supported by substantial evidence in the record as a whole, so any errors he committed were harmless.
 
 I.
 A.Procedure Below
 
 2
 Stanley filed for benefits in 1971. His claim was denied throughout the 1970s through the administrative procedure then in effect; this appeal is the culmination of a series of denials beginning with an ALJ's decision in 1984. Stanley's claim has been subjected to a tortuous procedural path, due to the changes in the law controlling the invocation of an interim presumption under 20 C.F.R.s 727.203 (1991). We summarize that path only briefly. The Board remanded the matter after the ALJ's first denial of benefits, on the basis of this Court's decision in Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir. 1986), rev'd sub nom. Mullins Coal Co. v. Director, Office of Workers' Compensation Programs, 484 U.S. 135 (1987), which was decided in the interim between the ALJ's first order and the Board's first review. After the ALJ's decision on remand, the Supreme Court overruled Stapleton. Mullins, 484 U.S. 135. Therefore, the Board vacated the ALJ's second findings and reinstated his first findings on the invocation of the presumption, which were in accord with Mullins.
 
 B.Evidence Before the ALJ
 
 3
 The record reveals that the evidence produced at the ALJ's hearings did not include any X-rays or blood gas studies that were positive for pneumoconiosis. There were five pulmonary ventilatory studies that did not produce "qualifying"[1] numbers and one ventilatory study that did produce qualifying numbers. Stanley's cooperation on this qualifying, effort-dependent test was lower than his cooperation on all of the non-qualifying tests.
 
 
 4
 Also before the ALJ were reports from four doctors. Dr. William F. Schmidt diagnosed Stanley as having pneumoconiosis, along with several other serious diseases, but did not state which of the diseases caused Stanley's disability. Dr. Jerry L. Miller also believed Stanley suffered from pneumoconiosis, but stated that he could not prove so. Dr. Miller also failed to include any finding regarding Stanley's pulmonary or respiratory capacity. Dr. Joseph F. Smiddy found that Stanley suffered from "100% respiratory impairment." However, Dr. Smiddy had before him an incomplete pulmonary ventilatory study that did not have qualifying numbers and an X-ray that was negative for pneumoconiosis. Finally, Dr. S. K. Paranthaman opined that Stanley's pulmonary problem posed "little functional impairment." Dr. Paranthaman's qualifications are extensive, and his report was accompanied with the most extensive objective data of any of the doctors' reports.
 
 II.
 
 5
 The Court's task is to determine whether the ALJ's decision is supported by substantial evidence. Wilson v. Benefits Review Bd., 748 F.2d 198, 199-200 (4th Cir. 1984) (quoting 33 U.S.C.s 921(b)(3) (1988)). It is uncontested on appeal that Stanley is not eligible for benefits under §§ 727.203(a)(1), 727.203(a)(3). It is also uncontested that he is not eligible for benefits under 20 C.F.R.s 410.490 (1991).
 
 
 6
 Under § 727.203, in part pertinent to this appeal, a presumption of pneumoconiosis may be invoked if the miner worked in coal mine employment for more than ten years and the evidence proves that (1) ventilatory studies establish the existence of a chronic pulmonary or respiratory disease, § 727.203(a)(2)("(a)(2)"), or (2) other medical evidence, including the opinion of qualified physicians, established the existence of a disabling pulmonary or respiratory impairment, § 727.203(a)(4)("(a)(4)"). The existence of a condition under § 727.203 must be proved by a preponderance of the evidence for the presumption to be invoked. Mullins, 484 U.S. at 156-61.
 
 A.The Ventilatory Studies
 
 7
 The ALJ found that the preponderance of the evidence weighed against invoking the presumption under (a)(2). First, the ALJ reasoned, the one qualifying ventilatory study was followed by four nonqualifying studies. Applying the "later evidence is better" rationale, the ALJ discredited the one qualifying study. The use of the later evidence is better rule was limited by this Court in Adkins v. Director, Office of Workers' Compensation Programs, 958 F.2d 49, 51-52 (4th Cir. 1992). We therefore exclude this rationale as a basis for the ALJ's decision.
 
 
 8
 However, there are still ample grounds to support the ALJ's decision that the presumption should not be invoked. First, as the ALJ stated, ventilatory studies are effort dependent. Because the effort Stanley expended in the qualifying study was less than the effort he expended in all the non-qualifying studies, the qualifying study is less credible than the other studies. This is not the type of thoughtless invocation of "higher numbers are more credible" decried by this Court in Greer v. Director, Office of Workers' Compensation Programs, 940 F.2d 88, 90-91 (4th Cir. 1991). Rather, the ALJ pointed to an objective reason why the higher numbers here were more credible. Further, the ALJ's finding that one qualifying study could not rise to a level of preponderance over five non-qualifying studies was amply supported by substantial evidence. His decision must be upheld.
 
 B.The Doctors' Reports
 
 9
 The ALJ also found that a preponderance of the evidence weighed against invoking the presumption under (a)(4). It was Dr. Paranthaman's report that primarily influenced the ALJ. Because (a)(4) requires any other medical evidence to tend to prove or disprove the presence of a totally disabling respiratory condition, Dr. Miller's and Dr. Schmidt's reports were properly excluded. Neither was relevant to the issue. Dr. Miller's report did not make a finding of respiratory capacity, and Dr. Schmidt's report did not conclude which of Stanley's diseases caused his disability.
 
 
 10
 The ALJ was thus left with two reports. Although he cited the currency of Dr. Paranthaman's report, this was not an invocation of the later evidence is better rule. Rather, the currency of the report is an appropriate consideration in the balancing of medical reports. See Robinson v. Missouri Mining Co., 955 F.2d 1181, 1184 (8th Cir. 1992). ("[T]he ALJ certainly should consider the temporal proximity of conflicting test results in determining which of two different medical opinions to credit.") (citing Mullins, 484 U.S. at 151-52). Although the ALJ erred when he discredited Dr. Smiddy's report because of the ALJ's finding that the opinion was based on an unreliable ventilatory study,[2] ample other evidence supports the higher credibility of Dr. Paranthaman's report and opinion. First, as the ALJ reasoned, Dr. Paranthaman's report was based on more objective data. Second, although not addressed by the ALJ, Dr. Paranthaman's credentials are very extensive. The record does not disclose Dr. Smiddy's credentials. Therefore, it is unclear whether the ALJ could properly rely on Dr. Smiddy's opinion. See Dotson v. Peabody Coal Co., 846 F.2d 1134, 1137-38 (7th Cir. 1988) (irrational for ALJ to find physician qualified when credentials are not in the record). However, even if Dr. Smiddy was credible, there is substantial evidence in the record to support the ALJ's decision to not invoke the interim presumption under (a)(4). Therefore, the ALJ's decision, affirmed by the Board, must be upheld.
 
 III.
 
 11
 The ALJ, in his eight-year-old determination to deny Stanley benefits, used law in effect at that time; the law has changed in the interim. There is, however, substantial evidence in the record to support the ALJ's conclusion under current law. Therefore, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 "Qualifying numbers" are study values that qualify under 20 C.F.R. § 727.203 (1991) to potentially invoke the interim presumption of pneumoconiosis
 
 
 [2]
 The ventilatory study on which Dr. Schmidt relied was not one during which Stanley gave less than optimal effort. The test, which was incomplete, was, however, negative for pneumoconiosis